

THE ATTORNEY GENERAL

OF TEXAS

AUSTIN 11, TEXAS

GERALD C. MANN
~~XXXXXXXXXXX~~
ATTORNEY GENERAL

Honorable M. O. Flowers
Secretary of State
Austin, Texas

Dear Sir:                          Attention:  Mr. Wallace Scott

Opinion No. O-2513
Re:  Does the perfection of an appeal
      as provided in Section 15, Article
      6573a, Vernon's Annotated Civil
      Statutes, operate to suspend or
      supersede the order of cancellation
      of a dealer's license made by the
      Secretary of State at a hearing?

   Your letter of August 8th, requesting an opinion of
this Department, reads as follows:

  "In the early part of 1940 a real estate dealer's license
was granted by this office to Mr. C. W. East of Amarillo,
Texas.  Thereafter, due to complaints received by this
office, the said C.W. East was notified that a hearing
with respect to such complaints would be held to determine
whether or not the license previously issued him should
be cancelled.

  "Such hearing was held on or about the 13th day of June,
1940 and thereafter an order was entered by this division
cancelling such license.  Thereafter, the said C. W. East
under the provisions of Section 15 filed an appeal in the
District Court of Potter County, his home county.

  "Assuming that the provisions of the Real Estate Act were
properly followed with respect to such hearing and that
Mr. East's appeal has been duly perfected, this division
would appreciate your advice as to whether or not the per-
fection of such appeal operates to suspend or supersede
the order of cancellation cancelling Mr. East's license
made by this department at such hearing, or, in other words,
is the said Mr. East entitled to operate as a real estate
dealer under the authority given him by such license after
such order of cancellation and after an appeal to the court
has been perfected."

The question of suspension of a judgment of the district court is not before us in connection with your request, but only whether under the facts as stated, the perfecting of an appeal from an order of the Secretary of State suspends the order of revocation entered under the provisions of the statute. This as we see it is solely a question of legislative intent, assuming the validity of the Real Estate License Act, Article 6573a, Vernon's Civil Statutes, under which act this dealer's license was originally granted.

Article 6573a, Vernon's Civil Statutes, containing twenty-two sections, provides for the licensing of all real estate dealers engaged in such business and places the administrative duties of enforcing the provisions thereof in the office of the Secretary of State through its administrative officer created by the act and known as the Administrator of the Securities Division of the Office of the Secretary of State.

Section 5, Subdivision (c) of the law provides:

"The Administrator of the Securities Division is hereby empowered to examine witnesses and administer oaths, and it shall be his duty to investigate persons doing business in real estate in this State to ascertain whether they are violating any of the provisions of this Act and to keep such records and minutes as shall be necessary to an orderly dispatch of business."

Section 11, Subdivisions (1 - 17) set forth the grounds upon which the license of a person within the provisions of the act may be suspended, revoked or the renewal thereof refused. It further provides that no action of the act shall be construed to relieve any person or company from civil liability or criminal prosecution under the act or under the laws of the State.

Sections 12 and 14 provide for notice and hearing on charges presented to revoke or suspend a license, at which hearing witnesses may be subpoenaed and a record is required to be made of their sworn testimony and of the proceedings.

Section 15, Article 6573a of said statutes, provides:

"(a). Any real estate dealer, real estate salesman, owner, or subdivider aggrieved by any decision of the Secretary of State may file within thirty (30) days thereafter in the District Court in the county where his principal place of business is situated, a petition against the Secretary of State officially as defendant, alleging therein in brief detail the action and decision complained of and for an order directing the Secretary of State to license the

applicant or grant an owner or subdivider a permit, as the case may be. Upon service of the summons upon the Secretary of State, returnable within ten (10) days from its date, the Secretary of State shall on or before the return day file an answer. The case shall be tried in the District Court de novo, upon its merits.

"(b). The District Court may, upon application of either party and upon due notice given, advance the case on the docket. From the decision of the District Court, an appeal may be taken to the Court of Civil Appeals by either party, as in other cases, and no bond shall be required by the Secretary of State. A judgment in favor of the plaintiff shall not bar after one year a new application by the plaintiff for a license, nor shall a judgment in favor of the plaintiff prevent the Secretary of State from thereafter revoking or refusing to license such person for any proper cause which may thereafter accrue or be discovered. The court shall have full power to dispose of all costs."

Section 21, Article 6573a of the statutes, provides:

"(a) Any person, or agent, officer, or employee of any company, acting as a real estate dealer or real estate salesman within the meaning of this Act, without first having been licensed by the Administrator of the Securities Division of the office of the Secretary of State, and every officer, agent, or employee of any company, and every other person who knowingly authorizes, directs, or aids in the publication, advertisement, distribution, or circulation of any false statement or representation concerning any land or subdivision offered for sale or lease, and every person who, with knowledge that any advertisement, pamphlet, prospectus, or letter concerning any land or subdivision contains any written statement that is false or fraudulent issues, circulates, publishes, or distributes the same, or shall cause the same to be issued, circulated, published, or distributed, or who, in any other respect, wilfully violates or fails to comply with any provisions of this Act, or who in any other respect wilfully violates or fails, omits or neglects to obey, observe or comply with any order, permit, decision, demand, or requirement of the Administrator of the Securities Division of the office of the Secretary of State under this Act as herein provided, shall upon conviction therefor be sentenced to pay a fine of not more than Five Hundred Dollars ($500) or imprisonment in the county jail for not more than one year or both such fine and imprisonment."

It is provided in Section 17 of the act that all licenses issued shall expire December 31 of each year at midnight, and that applications for renewal of licenses may be made between November 15 and December 31.

Acts similar to that of the Real Estate Dealers Act under consideration, granting to State Boards or Departments jurisdiction of violations of its provisions for the purpose of enforcing the public health and welfare have been upheld by the courts. If the Legislature in its wisdom finds evils prevalent and existing in the business of those engaged in real estate transactions in their dealings with the public to the extent of enacting such laws as may be necessary to proper regulation and control, it can hardly be questioned that it is a valid exercise of the police powers of the State.

It is generally conceded that the right and power to grant a license to exercise a particular vocation implies and includes the authority to suspend or revoke it. And it has been held that a person accepting a license from the State impliedly agrees to submit to the tribunals created by the State to determine his fitness to continue enjoying the privilege granted. See Marrs v. Matthews, 270 S.W. 586.

Proceedings of this nature, have been held by our courts as not being "judicial" but quasi-judicial as applied to an act of an executive officer who, in the exercise of his functions, is required to pass upon facts, and to determine his action by the facts found. It is also apparent that a license issued to a dealer on the payment of the sum required under the provisions of the Real Estate Dealers Act is in the nature of a special privilege required as a condition precedent to the right to carry on his business, and was not either a contract or a vested right to do business. See 17 R. C. L. page 476, par. 5; Prater et al. v. Storey, 249 S.W. 871; Baldacchi v. Goodlet, 145 S.W. 325.

The province of Section 15 of the act is to afford an aggrieved dealer or person who has had his license revoked, a remedy for judicially determining the correctness of the order finding him guilty of having violated the law. If he is permitted to pursue the occupation until the case is finally determined upon its merits, it would amount to a nullification of the duly authorized and exercised functions of the Secretary of State. The true purpose and effectiveness of the law could easily be defeated by one who has had his license revoked, by filing his petition within the thirty day period and thereafter fail to prosecute his appeal.

After a person's license has been duly revoked under

this law, it is clear that the law places a burden upon the petitioner to bring the matter up for review and not upon the Secretary of State. It will be seen that the statute makes it possible for him to file his petition the next day; it authorizes summons upon the Secretary of State, returnable within ten days thereafter, and he may further, at the time of filing his petition, make application to advance the case in the District Court. Such procedure specifically authorized by Sec. 15 of the act, with other provisions thereof expressly denying relief from criminal prosecution for any acts committed thereunder, evidences an intent on the part of the Legislature to deny petitioner the right to operate pending a judicial review. We are convinced that the remedy accorded the aggrieved dealer was so intended and should not operate unjustly to delay the hearing of his case provided he pursues the remedy with diligence.

It is, therefore, the opinion of this Department that the timely filing of a petition against the Secretary of State under the provisions of Section 15, Article 6573a, by an aggrieved dealer to review the facts upon which an order revoking his license has been duly made, does not of itself operate to suspend or supersede the order of revocation.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By s/Wm. J. R. King
Wm. J. R. King
Assistant

WJRK:AMM:wc

APPROVED AUG 27, 1940
s/Grover Sellers
FIRST ASSISTANT
ATTORNEY GENERAL

Approved Opinion Committee By s/BWB Chairman